Porter (et al., Appellant), *v.* Commonwealth.

Argued October 5, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas J. Dempsey,* with him *Armand Cingolani, Jr.,* and *Cingolani & Cingolani,* for appellant.

*George R. Specter,* Assistant Attorney General, with him *John R. Rezzolla,* Chief Counsel, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, January 4, 1966:

This appeal arises from an order entered by the lower court dismissing a petition which in effect requested the court to consolidate in one action the claims of all parties having an interest in certain properties condemned by the Commonwealth.

Appellant, Robert C. Sechan, Jr., trading and doing business as Sechan Limestone, is the owner of certain leased mineral interests and concomitant rights in five contiguous tracts, each tract separately owned in fee by different and independent parties. Each of the five interests of appellant were created by separate and distinct leases, and these interests are used by appellant in the integrated operations of mining, processing and

marketing limestone. It is the contention of appellant that his rights under the laws of Pennsylvania and the Constitution of the United States require the requested joinder.

The lower court properly found that §507 of the Eminent Domain Code applies to this case. That section reads: "The claims of all the owners of the condemned property, including joint tenants, tenants in common, life tenants, remaindermen, owners of easements, and all others having an interest in the property, and the claims of all tenants, if any, of the property, shall be heard or tried together and the award of the viewers or the verdict on appeal from the viewers shall first fix the total amount of damages for the property, and second, apportion the total amount of damages between or among the several claimants entitled thereto." P. L. 84, No. 6, §507, 26 P.S. §1-507 (1964).

This section makes mandatory the joinder of all owners of interests in the condemned *property* for the purpose of apportionment of damages resulting from the taking. Thus, damages for all interests must be adjudicated in one proceeding. Appellant, by relying on cases giving certain lessees of minerals a fee simple therein, in effect argues that "property" should be defined by the area of his ownership. We believe, however, that the legislature intended the term to mean that area as defined by the fee in the surface, as recorded.

The prior Act (1937) required only joinder of the owner and lessee, so that other interests in a property could be severed and valued in a single action with similar interests in other parcels. The Act of 1964 requires joinder in one action of all interests in a property and appellant's interpretation would have us add to their number all interests in all the properties in which he has leased mineral rights. To so interpret

the present statute would not comport with the statutory purpose of an efficient process of valuation. It would impose an increased burden on the viewers or the jury because of the greater number of interests they would be required to evaluate in one proceeding.

Where such undesirable effects would follow from an interpretation as advocated by appellant, that interpretation is best rejected. The Statutory Construction Act, P. L. 1019, §51, 46 P.S. §551 reads: "When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering . . . (6) the consequences of a particular interpretation. . . ."

Furthermore, the language used in §507 indicates the legislature understood "property" to refer to the area defined by the fee in the surface. The examples given of interests required to be joined are such as one would find in a fee of the surface. While there is case law denominating certain mineral lease interests as a fee simple in the minerals, these cases are limited to interpreting the meaning of so-called lease agreements. The narrow scope of such cases precludes their governing our interpretation of the legislative intent of the Eminent Domain Code.

The procedure resulting from the new Code does not deprive the appellant of due process. In each view proceeding he may show the value of his interest in the property by showing the value resulting from the integrated use.

Order affirmed.

---

Concurring Opinion by Mr. Chief Justice Bell:

Sechan, who is the appellant herein, is the owner of leased mineral interests in five contiguous tracts, each of which tracts is owned in fee by different persons. All five tracts were condemned. Appellant petitioned the lower Court to consolidate in this *one* eminent domain proceeding which involved only the Porter

property all the claims for damages to his interests in all of the five tracts aforesaid, and thus enable the jury to fix the value of and the damages to which he was entitled for all his mineral interests which were taken by the Commonwealth *in all five separate properties.*

Section 507, of the Eminent Domain Code of June 22, 1964, P. L. 84, provides: "The claims of all the owners *of the condemned* property, including joint tenants, tenants in common, life tenants, remaindermen, owners of easements, and all others having an interest in the property, and the claims of all tenants, if any, of the property, shall be heard or tried together and the award of the viewers or the verdict on appeal from the viewers shall first fix the total amount of damages for the property, and second, apportion the total amount of damages between or among the several claimants entitled thereto." No. 6, §507, 26 P.S. §1-507 (1964).

Section 507 is clear on the issue raised by appellant's petition and gives no support to his contention. It provides in plain language that the claims of all enumerated interests and of all others having an interest *in the property condemned* shall be heard or tried together; but it does not provide for a consolidation and trial of five condemned properties or of any party's interest in each of said five condemned properties. The Legislature clearly intended the *claimants* and the term "property" to mean and include all persons who claim a fee and all persons who are tenants or remaindermen or owners of easements, as well as all other persons who have any interest in the *property which was condemned.*

I concur in the result reached by the majority and I would affirm the Order of the lower Court.

Mr. Justice EAGEN joins in this Concurring Opinion.