## Garland Builders Petition

*Donald W. Dorr*, for Commonwealth.
*Liverant, Senft & Cohen*, for petitioner.

ATKINS, P. J., December 26, 1967.—This case arises from the condemnation of premises known as nos. 1700 and 1698 Susquehanna Trail North in Manchester Township, York County, by the Commonwealth, for

highway purposes. No. 1700 is owned by Garland Builders, Inc. No. 1698 is owned by William C. Rickrode, Dorothy E. Rickrode and Alma M. Rickrode. Prior to the condemnation, Garland had obtained an option from the Rickrodes to purchase premises no. 1698. The option was never exercised and it appears that it cannot now be exercised, due to the condemnation of the premises. The two properties are contiguous, and it is alleged that for an undisclosed period of time prior to the condemnation the two tracts "were being treated and offered as one parcel long prior to the declaration of taking". It does not appear from the record how Garland treated the premises as one parcel either by use in some manner or by offering them for sale as a single tract, nor does it appear whether the source of the right to so treat or offer the premises was derived solely from the option or from some other document or agreement with the owners. In their briefs, no mention is made of any other document, so we will assume that any rights Garland has in premises 1698 arise from the option.

The Commonwealth presented separate petitions for the appointment of viewers to assess damages resulting from the condemnations, and a board of view was appointed by the court for each tract. Subsequent to the appointments of viewers, Garland presented its petition to consolidate the cases of the two tracts, alleging that it is entitled to have this done because: (1) by virtue of its ownership of one tract and of its status as an optionee to purchase the other, there is a common ownership of the tracts; (2) that the tracts are contiguous; and (3) that they were, in fact, "treated and offered as one parcel" prior to the condemnation.

An option is "a unilateral agreement, binding upon the optioner from the date of its execution but does not become a contract *inter partes* in the sense of an

absolute contract to convey on the one side and to purchase on the other until exercised by the optionee": Synes Appeal, 401 Pa. 387, 393. In the same case it is said, at page 394, that the option is not "sufficient in law to work an equitable conversion of the realty in question, consequently legal and equitable title to the land remained" in the optioner. In that case it was held, however, that since the condemnation took the whole property, thus destroying the right to exercise the option, the optionee was entitled to damages measured by the value of the option.

Under section 507 of the Eminent Domain Code of June 22, 1964, P. L. 84, art. V, 26 PS §1-507, it is required that the claims of all claimants having an interest in the property shall be heard or tried together. It would appear that the value of the option should then be determined in the same proceeding before the same board of viewers when the claims of the other claimants are heard.

Garland goes one step further, however, and contends that since it owns one of the two contiguous properties, and holds an option to purchase the other, the two must be considered as a unit and the damages as to both properties be determined in a single proceeding. Section 605 of the Eminent Domain Code, 26 PS §1-605, requires that "Where all or a part of several contiguous tracts owned by one owner is condemned or a part of several non-contiguous tracts owned by one owner which are used together for a unified purpose is condemned, damages shall be assessed as if such tracts were one parcel".

It is admitted that these tracts are contiguous. Therefore, if all or part of them are owned by one owner, they shall be treated as if they were one parcel, regardless of the use to which they are put. There is no necessity to show unity of use where contiguous

tracts are involved. See authorities collected in Carbaugh v. Commonwealth, 7 Adams 181.

Are these tracts owned by one owner? In Porter v. Commonwealth, 419 Pa. 596, it was held that section 507 of the code referred only to "That area defined by the fee in the surface". There several parcels were involved in the condemnation. Different owners held title to the surface of the parcels. Leaseholds of mineral rights in each parcel were held by one owner. The application of the lessee for consolidation was refused since there was no common ownership of the surface. This case however seems to be of little value as an aid to determining the problem presented here. It seems that since the holding in Synes Appeal, supra, an optionee in an option to purchase land has neither a legal nor an equitable title to the land prior to the exercise of the option, Garland is not an owner within the meaning of either section 507 nor 605 of the Eminent Domain Code so far as premises no. 1698 are concerned. What Garland had was a contractual right that was destroyed by the condemnation, and he is entitled under Synes Appeal to show what value this contractual right had. As above indicated, we see no reason why this question should not be determined by the viewers appointed to the case involving premises at 1698. We conclude, however, that since Garland has no title, either legal or equitable, to this tract, it is not entitled to a consolidation of the proceedings regarding the two tracts in question.

Therefore we enter this

### ORDER

And now, December 26, 1967, it is ordered, adjudged and decreed that the petition of Garland Builders, Inc., to consolidate the condemnation proceedings regarding premises at 1698 and 1700 Susquehanna Trail North be and is hereby refused, with an exception to petitioners.