**C. B. Co. v. Commonwealth, Department of Transportation**

*Leonard J. Zapler,* for Commonwealth.

*Bernard S. Shire,* for condemnee.

SCULCO, J., September 17, 1973.—This case comes before this court upon consideration of a motion for severance filed by the Commonwealth of Pennsylvania, Department of Transportation (hereinafter referred to as "Commonwealth"). A brief review of the pertinent facts in this matter is as follows.

A declaration of taking was filed by the Commonwealth on May 28, 1971, at April term, 1971, no. 626. Said condemned property is adjacent to other properties owned by the condemnee, C. B. Company.

On October 20, 1971, the Commonwealth petitioned the court for appointment of a board of viewers; and subsequently a board of viewers was appointed. The board of viewers heard testimony in the matter, viewed the premises in question, and on August 29, 1972, filed its report in the prothonotary's office in and for Westmoreland County, in which it found, inter alia, that

(a) The area of the subjected premises consisted of the following:

| Before  | 55.85 acres            |
|---------|------------------------|
| Taken   | 2.88 acres             |
| Residue | 52.56 acres [sic] 52.97 |

(b) That C. B. Company, a partnership, is the record owner of the subjected premises.

(c) That 12 acres of the total area involved is leased to and operated by Super Outdoor Theatres, Inc., a partnership (sic) corporation, whose operators (shareholders) are the same as that of C. B. Company, a partnership.

The board of viewers subsequently recommended

that the sum of $150,000 be awarded to the condemnee-owner C. B. Company, a partnership, for the condemnation of the within described premises by the Commonwealth of Pennsylvania less any payments of just compensation which may have been made. The board of viewers in its award failed to allocate the award between C. B. Company and Super Outdoor Theatres, Inc.

On September 27, 1972, the Commonwealth filed an appeal from the report of the viewers and on April 19, 1973, the Commonwealth filed a praecipe for rule upon the said owner C. B. Company to show cause why the Commonwealth's petition for severance should not be granted.

The Commonwealth contends that the condemnee should not be permitted in the hearing on appeal to testify relative to any damages that might be incurred by condemnee's lessee Super Outdoor Theatres, Inc.

The foundation of the Commonwealth's argument is based on the Commonwealth's contention of lack of either "unity of use" or "integrated use" between the 12-acre tract leased by Super Outdoor Theatres, Inc., a corporation, and utilized as a drive-in theatre and the remaining tract utilized by C. B. Company, a partnership, as a mine waste dump.

The lease agreement between C. B. Company and Super Outdoor Theatres, Inc., is to expire in the year 2048. The lease also stipulates, inter alia, that:

"Lessee shall have the right and privileges to assign this lease or sublet said premises, in whole or part, for the whole or any part of the term of this lease, or any extension thereof." (Paragraph 11 of lease agreement.)

And that:

"Said premises are leased for the purpose of constructing a drive-in or operating a theatre, and at the

Lessee's option, for the construction of any other lawful business thereon." (Paragraph two of lease agreement.)

The point of contention between the condemnor and the condemnee revolves around that sole issue of whether the 12-acre tract of land being leased to Super Outdoor Theatres, Inc., yet having fee simple title vested in C. B. Company should be included in the original declaration of taking filed by the Commonwealth, thus permitting C. B. Company to present evidence of damage to this leased premises at the hearing on this matter.

The condemnee has two legal theories in which it may rely to attempt to cloak its argument that the protective order sought by the Commonwealth to prohibit testimony at trial relative to damages incurred by condemnee-lessee Super Outdoor Theatres, Inc., is improper and should not be granted. These theories are the "unity of use" theory and the "integrated use" theory.

Section 605 of the Eminent Domain Code of June 22, 1964 P. L. (Sp. Sess.), 84, 26 PS §1-605, titled: 'Contiguous Tracts; Unity of Use,' states:

"Where all or a part of several contiguous tracts owned by one owner is condemned or a part of several non-contiguous tracts owned by one owner which are used together for a unified purpose is condemned, damages shall be assessed as if such tracts were one parcel": 26 PS §1-605.

The criteria which must be met by condemnee in order to benefit from this concept are clearly set forth in Sams v. Redevelopment Authority, 431 Pa. 240 (1968) in which the court states:

"[T]he very concept of unity of use, in our view, dictates that there be identical users as well as identical ownership of the properties involved. It is

difficult to conceive that a unity of use can exist when there are two separate and distinct legal entities operating each parcel of land. It is a contradiction in terms to speak of a unity of use where there is more than a single user, since implicit in the definition of unity of use is the connotation that both parcels are so completely integrated, inseparable and interdependent so as to make the operation of one impossible without the operation of the other. Where there are separate users (completely different entities) of the parcels involved, the use of both cannot be said to be so inseparable as to make them a unit for purposes of damages in a condemnation proceeding."

This definition has been adopted by the courts within this county.

The court en banc in an opinion written by the Honorable Earl S. Keim, J. in Brock v. Commonwealth, Department of Transportation, 53 D. & C. 2d 589 (1971), granted the condemnees' motion to sever on the following factual situation.

In Brock the same individuals owned two contiguous parcels of land. There was a total take of one parcel of land and an alleged "inadvertent take" of the other parcel of land. The condemnees further contended that the tract was owned in fee by the condemnees, but had been leased by them to a corporation for a leasehold period of 40 years.

The court granted the motion to sever and stated that:

"It is true, as contended by defendant [Commonwealth], that fee simple title in all the tracts of land in question was, at the time of the taking, in the plaintiffs [condemnees]. However, at the time of taking, although there was unity of title, there was no unity of use in that the tract which is the subject matter of

the petition for severance was leased to the Kiski Valley Investment and Development Corporation."

Scrutinization of the rationale of the Sams case and the Brock case erase C. B. Company's attempt to create a two-edged argument relating to the Commonwealth's motion to sever. The courts acting on similar party relationships as the instant matter cut the legal threads of the unity of use theory and thus stripped that legal argument of any merit in this instant matter.

The second avenue of argument utilized by the C. B. Company to clothe its contention that testimony of damage concerning condemnee's lessee should be heard with testimony of damage to the remaining tract of land utilized by C. B. Company has its basis in the integrated use theory.

The condemnee presented two cases to support its contention: Porter v. Commonwealth, 419 Pa. 596 (1966), which planted the legal seed of the integrated use theory, and Werner v. Commonwealth, Department of Highways, 432 Pa. 280 (1968), which nurtured and attempted to clarify the theory.

A close reading of these cases indicates that the integrated use theory is presently in its embryonic stage of development; and although the complete outline of the doctrine has not been spelled out, the factual situation in both cases touches on the following element.

The integrated use doctrine has been limited to fact situations involving the valuation of a lessee's mineral rights.

In the instant matter Super Outdoor Theatres, Inc., is utilizing a 12-acre parcel of land as a theatre facility: C. B. Company is utilizing the remaining tract of land as a mine waste dump. The uses of said properties are entirely segregated containing neither a mutual use nor a related use. Furthermore, the C. B. Company

is silent as to any questions relating to mineral rights of the parties.

It is this court's opinion that to uphold C. B. Company's contention and permit testimony, in this hearing, concerning any questions extending to the 12-acre tract of land leased and maintained by Super. Outdoor Theatres, Inc., would mutate the defined lines of development of the integrated use theory.

This court, therefore, enters the following

## ORDER OF COURT

And now, to wit, September 17, 1973, after due and careful consideration of the record, briefs, and arguments presented in this matter, it is hereby ordered, adjudged and decreed that the Commonwealth's motion for severance is with merit and is hereby granted; it is further ordered, adjudged and decreed that C. B. Company is prohibited from introducing testimony relative to damages to that certain 12-acre tract of land leased to Super Outdoor Theatres, Inc., in the instant matter; however, such order in no way prohibits a separate and distinct eminent domain proceeding for the assessment of any alleged damages to said 12-acre tract of land.