Charles Berman, t/a Charles Berman Company, Appellant, *v.* Urban Redevelopment Authority of Pittsburgh, Appellee.

Argued May 6, 1974, before President Judge BOW-MAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alan L. Ackerman,* with him *Albert J. Zangrilli, Jr.* and *Berkman, Ruslander, Pohl, Liber & Engel,* for appellant.

*John T. Richards, Jr.,* with him *Marion Popiel, Joseph Gariti, III,* and *Richards & Kelly,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, August 13, 1974:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County dismissing appellant's motion for a preliminary ruling that action taken by appellee constituted a *de facto* condemnation of appellant's leasehold interests in certain properties. Appellant had initiated these proceedings by filing a petition for appointment of viewers on April 20, 1970.

Appellant is in the business of processing scrap metal. In one integrated operation, appellant carried on his business on five contiguous or proximate parcels, one of which was leased from and owned by Sanford Steel Products Company, and the other four were leased from (under three separate leases) and owned by Penn Central Transportation Company. Appellant operated a scrap metal processing plant on

the Sanford Steel parcel, and carried on various sorting and storage functions on the four leased Penn Central parcels. Appellant's lease agreements with Penn Central were tenancies at will terminable on thirty days notice.

Pursuant to an urban renewal project, appellee Authority filed a declaration of taking on October 22, 1968, condemning the Sanford Steel parcel. In these proceedings, a consent verdict was agreed to, dated March 24, 1972, which awarded all condemnees (including appellant for his leasehold interest in that property) compensation for the taking of the plant parcel.

Because appellant's plant was condemned, appellant deemed his leasehold interest in the four supporting properties useless, and therefore, terminated the three leases by notice to Penn Central on January 30, 1969, December 1, 1969, and December 1, 1969, and by vacation within thirty days of each date, respectively. By agreement dated December 1, 1969, appellee Authority purchased the subject Penn Central properties in fee, and took title on June 9, 1970. In accordance with its urban renewal practice, appellee paid appellant, as a tenant on property being acquired pursuant to urban renewal, reimbursement for his vacation of the subject properties.

The question before us is whether the actions of the appellee caused a *de facto* condemnation of appellant's leasehold interests in the four supporting Penn Central properties. Appellant contends that the condemnation of the Sanford Steel parcel, which was leased and used by appellant in an integrated economic operation with the supporting parcels, has necessarily caused a *de facto* injury or destruction of appellant's leasehold interests in the supporting parcels. With this contention we disagree, and we, therefore, affirm the order of the court below.

Appellant has complained of "destroyed leasehold interests" in the Penn Central properties, but it is apparent that, except for the inherent value of their integrated use with the Sanford Steel parcel, the leasehold interests in the Penn Central properties remained unaffected after the declaration of taking. We note in passing that the law provides an adequate remedy to compensate a landowner who has lost the value of his integrated use as a result of condemnation. In each view proceedings of condemned properties, a condemnee may introduce, as evidence of the value of his condemned interest, proof that the value of the condemned property was enhanced by reason of its integrated use with supporting properties. *Porter v. Commonwealth,* 419 Pa. 596, 215 A. 2d 646 (1966); *see also, Werner v. Commonwealth, Department of Highways,* 432 Pa. 280, 247 A. 2d 444 (1968). We note, in fact, that appellant proved the value of his condemned Sanford Steel leasehold interest enhanced by its economic integration with his three leasehold interests here in question in the Sanford Steel parcel condemnation proceedings.

Appellant asserts no further facts which fall within the well-established definition of a *de facto* taking: "A taking occurs when the entity clothed with a power of eminent domain substantially deprives an owner of the use and enjoyment of his property." *Conroy-Prugh Glass Company v. Commonwealth of Pennsylvania, Department of Transportation,* 456 Pa. 384, 321 A. 2d 598 (No. 97 March Term, 1973, filed July 1, 1974). But for the loss of integrated use with the Sanford Steel property—for which appellant was compensated—, the leasehold interests in the Penn Central properties stood unaffected in use or enjoyment after the declaration of taking.

It being apparent that no property interest of appellant was taken by appellee, appellant's argument that

he was deprived of property without due process of law falls.

Appellant's claim that appellee's subsequent purchase of the Penn Central property from Penn Central without a simultaneous purchase of his tenancies is a denial of equal protection of the laws is without merit. Appellee's purchase of Penn Central's underlying fee did not obligate it to purchase appellant's leasehold interests as well.

Order affirmed.