555 A.2d 966

In Re: Condemnation by The Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 1021, Section 6, a Limited Access Highway, in The Township of Ohio, John E. Sandin et al., Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued February 6, 1989, before Judges COLINS and MCGINLEY, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas J. Dempsey,* for appellants.

*Jeffrey L. Giltenboth,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, March 16, 1989:

John E. Sandin, William K. Hamburg and Elizabeth Willison, formerly Elizabeth Baun, (Appellants) appeal an order of the Allegheny County Court of Common Pleas sustaining the appeal of the Pennsylvania Department of Transportation (DOT) and vacating a report of a board of viewers.

This matter involves DOT's condemnation for transportation purposes, of two contiguous tracts of vacant residential property in Ohio Township, Allegheny County. On October 30, 1985, DOT filed a declaration of

taking against each parcel. One of the declarations appropriated part of a 54 acre tract which at the time of condemnation was owned by John E. Sandin, Marilyn Sandin, and Elizabeth S. Baun, now Willison, as tenants in common. The parcel had been purchased in 1972, by John E. Sandin, his wife Marilyn Sandin and Elizabeth Baun and her former husband, now deceased, Clinton Baun, from a Mrs. Rosinski and will be referred to as the Rosinski tract.

Another declaration of taking was filed against part of an approximately 96 acre tract. This tract and the Rosinski tract are contiguous. At the time of condemnation, the record owners were John E. Sandin and William K. Hamburg t/d/b/a Avonworth Farms. In 1977, John E. Sandin, Clinton Baun, William Hamburg and Harold M. Weston purchased the parcel from a Mrs. Nock and it will be referred to as the Nock tract. Weston's and Baun's interests were later transferred to Avonworth Farms.

Sandin, Hamburg, and Willison are joint venturers on a project to develop the parcels as a planned unit development.[1] A plan was drawn up in 1973 of both parcels showing three phases of development. In 1975, a plan of a planned unit development using both parcels was submitted to and approved by Ohio Township.

On January 13, 1986, Appellants filed a petition for appointment of a board of viewers claiming the two parcels form an "integrated use". A board of viewers was appointed and after a hearing, issued its report. In its report, the Board applied the "integrated use" doctrine. It then valued both parcels as one entity, awarding Appellants $320,000.00. DOT appealed, claiming the board erred in treating the two tracts as one for damages purposes. Appellants also appealed the amount of the board's

---

[1] The tracts are located in a district zoned R-3 where planned unit development is permitted.

award as well as contesting its finding that the two tracts were incapable of separate development.

The trial court disposed of the matter prior to trial pursuant to Section 517 of the Eminent Domain Code[2] (Code), which provides that objections raised on appeal, other than to the amount of the viewers' award may be determined by the trial court preliminarily.

The trial court held that neither the "unity of use" nor the "integrated use" doctrines applied, vacated the decision of the board of viewers and remanded, ordering the viewers to value each tract separately. This appeal followed.[3]

The "unity of use" doctrine applies only to non-contiguous tracts which are so interconnected in the use to which they are applied, that the injury to one will permanently damage the other. *Werner v. Department of Highways*, 432 Pa. 280, 247 A.2d 444 (1968); *Elgart v. Philadelphia*, 395 Pa. 343, 149 A.2d 641 (1959).

The doctrine of "integrated use" has been applied where the interest of a person in condemned property is less than a fee interest and where that person also owns an interest in other property used at the time of condemnation along with the condemned property for a unified purpose such that the injury to one tract would permanently damage the other. *See Werner; Porter v. Commonwealth*, 419 Pa. 596, 215 A.2d 646 (1966) and *Berman v. Urban Redevelopment Authority of Pittsburgh*, 15 Pa. Commonwealth Ct. 1, 324 A.2d 811 (1974).

---

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-517.

[3] We note that the apparently interlocutory order of the trial judge in remanding the case was a final appealable order in the eminent domain setting. *Rawls v. Central Bucks Joint School Building Authority*, 8 Pa. Commonwealth Ct. 491, 303 A.2d 863 (1973) and *see Valley Forge Golf Club v. Upper Merion Township*, 422 Pa. 227, 221 A.2d 292 (1966).

Appellants agree with the trial court that neither the "unity of use" nor the "integrated use" doctrines are controlling in this matter. However, they maintain that the tracts should be assessed as one unit pursuant to Section 605 of the Code.[4]

Section 605 of the Code recognizes that just compensation requires that certain parcels should be assessed as one tract. In order for the tracts to be assessed as one parcel under this section, they must be "owned by one owner". The section provides:

> Where all or *a part of several contiguous tracts owned by one owner* is condemned or a part of several non-contigous [sic] tracts owned by one owner which are used together for a unified purpose is condemned, damages shall be assessed as if such tracts were one parcel. (Emphasis added.)

Appellants contend that the parcels should be considered to have one owner within the meaning of Section 605 because they are contiguous and plans have been filed showing an integral development of both properties for a residential planned unit development.

In *Sams v. Redevelopment Authority of New Kensington*, 431 Pa. 240, 244 A.2d 779 (1968), our Supreme Court held that two parcels could not be considered as having the same owners for Section 605[5] purposes where one tract was owned by a partnership made up of two individuals and the other owned by a corporation which was solely owned by the same two individuals. In *Sams* the parcels were separated by a public road and a railroad and were therefore non-contiguous. The one tract which was condemned was owned by the partnership and being

---

[4] 26 P.S. §1-605.

[5] Although Section 605 was enacted after the date of condemnation in *Sams*, the Supreme Court applied this section noting that it merely codified existing case law.

used as a scrap yard. The other tract was being used by the corporate entity as a foundry. A board of viewers awarded damages to the appellees individually and as co-partners, assessing both tracts as a unit. On appeal, to the trial court, a jury returned a verdict in favor of the appellees, again assessing the tracts as one unit. Our Supreme Court reversed and remanded for a new trial holding that there could be no unity of use where there are not joint identical users of both parcels of land.

The Court stated that in order to assess non-contiguous tracts as one under Section 605, it is necessary to demonstrate that they are owned by one owner and are used together for a unified purpose. The Court found that the parcels were being used by distinct legal entities and therefore could not be assessed as one unit.

Although in the case at hand we are dealing with contiguous tracts of land, the rationale in *Sams* is applicable. Although Appellants need not demonstrate that the tracts are used for a unified purpose, they still must demonstrate that they are "owned by one owner". Where one tract is owned by three individuals as tenants in common and the other by a partnership, we cannot say there is identical ownership even though one of the partners is also one of the tenants in common.

Appellants argue that our decision in *Department of Transportation v. Beamer*, 89 Pa. Commonwealth Ct. 490, 493 A.2d 130 (1985) is controlling. In that case, Mr. Beamer purchased a one acre tract of land in 1956. He was married at the time and in 1970, he along with his wife purchased, as tenants by the entireties, a contiguous tract of land containing approximately 5.48 acres. Both tracts were vacant when DOT condemned a portion of each in 1979. The Beamers petitioned for a board of viewers contending both tracts should be assessed as one pursuant to Section 605 of the Code. In arguing that they

were essentially "owned by one owner", the parties submitted the issue of construction of Section 605 to the trial court which applied the unity of use doctrine. On appeal, we held that the unity of use doctrine did not apply to these contiguous tracts but held that the parcels were "owned by one owner" within the meaning of Section 605. However, we set forth the following limited holding in *Beamer:*

> where a husband and wife seek an assessment of damages pursuant to Section 605 of the Code, and the contiguous properties were purchased by one or both of the spouses during the marriage and can best be used as a single parcel, such properties shall be deemed 'owned by one owner' although one parcel is titled in the name of both spouses and the other is titled in the name of one spouse.

*Id.* at 495, 493 A.2d at 133.

Our decision in *Beamer* was limited to a situation where one parcel was entireties' property and the other purchased by one spouse during the marriage. A tenancy by the entirety is characterized by the right of survivorship and based on the common law premise that a husband and wife are one person. *See United States v. Jacobs*, 306 U.S. 363 (1939). This is the basis for the limited holding in *Beamer* and therefore *Beamer* is not controlling in the present case.

Appellants also contend that the trial court erred in not hearing additional evidence on ownership of the two tracts or by not remanding to the board of viewers for further testimony on the issue. We disagree. Both parties admit that the one parcel is owned by individuals as tenants in common, the other is owned by a partnership, and only John Sandin has an ownership interest in both.

Clearly, the parcels are not owned by one owner and further testimony on the subject would be fruitless.

We hold that the Rosinski tract and the Nock tract cannot be said to be "owned by one owner" for purposes of Section 605 of the Code. Accordingly, we will affirm the order of the trial Court.

## ORDER

AND NOW, this 16th day of March, 1989, the order of the Allegheny County Court of Common Pleas, dated February 10, 1988, at GD No. 86-1667, Sur GD Nos. 85-18959 and 85-18960, vacating the report of the board and viewers and remanding to it with directions to make separate determinations as to damages for the taking of the properties which are the subject of this appeal, is affirmed.

Jurisdiction relinquished.