BOARD OF EDUCATION OF CLAYMONT SPECIAL SCHOOL DISTRICT, Plaintiff, v. 13 ACRES OF LAND IN BRANDYWINE HUNDRED, VIVIEN J., INC., a corporation of the State of Florida, ARTHUR G. CONNOLLY, GERALDINE L. CONNOLLY, THE PRESIDENT, DIRECTORS AND COMPANY OF THE FARMERS BANK OF THE STATE OF DELAWARE, a corporation of the State of Delaware, UNKNOWN OWNERS, Defendants.

(*April* 9, 1957.)

HERRMANN, J., sitting.

*Robert C. O'Hora* for the plaintiff.

*Clair J. Killoran* (of Killoran and VanBrunt)· for the defendants.

Superior Court for New Castle County, No. 9, Civil Action, 1957.

HERRMANN, J., charged the Commissioners as follows:[1]

The Board of Education of Claymont Special School District, under the power of eminent domain conferred upon it by the law of this State, is taking certain real property owned by the defendant, Vivien J., Incorporated, in this County. The property is being taken for a proper public use. The estate or interest being taken is the full fee simple title of the property free and clear of all liens, encumbrances, charges and claims.

The taking of the property is being accomplished in accordance with the requirements of law and, as to the propriety of the taking, there is no issue before you. The sole question before you is the issue of just compensation to be paid by the Board of Education to the owner for the property.

The Constitution of our State provides that no property shall be taken or applied to public use without compensation being made therefor. *Del. C. Ann.* Const. art. 1, § 8. The determination of what that compensation should be is your duty and function in these proceedings.

The Court is not permitted to comment upon the evidence. But it is proper that I outline for you certain applicable principles of law by which you are to be governed in making your determination.

In deciding the question before you, you are to be controlled wholly by the evidence presented before you in these proceedings, considered in the light of the view of the property,

---

[1]The Court's charge in this case may be helpful in view of the novelty in this jurisdiction of the principle that the reasonable probability of a rezoning of the property, to permit the highest and best use, may be considered in determining market value. See *Long Beach City High School District of Los Angeles County v. Stewart,* 30 *Cal.* 2d 763, 185 *P.* 2d 585, 173 *A. L. R.* 249, 265; compare *Wilmington Housing Authority v. Harris,* 8 *Terry* 469, 93 *A.* 2d 518; *State ex rel. State Highway Department v. Morris,* 8 *Terry* 477, 93 *A.* 2d 523.

which you made at the outset, and in the light of the principles of law stated to you in these instructions.

■ The "compensation" guaranteed by the Constitution is not defined therein. The term means a compensation which is just and fair both to the owner of the property being taken and to the public represented by the condemning authority. Actually, the term constitutes the end result of your determination. In order to reach that end result, it is necessary that you apply certain standards and measures which have been recognized in the law as proper for the purpose.

■■ This case is known as a "partial-taking" case, i.e., a case wherein only a part of a parcel of land is being taken by the condemning authority and the remainder of the parcel is being left in the owner's hands. In this kind of a case, the just compensation to which the owner is entitled must cover not only compensation for that part of the property which is being taken, but also compensation for any damage to the value of the remainder of the property that may result from the taking.

For the purpose of best ascertaining the just compensation to which the owner is entitled in a partial-taking case such as this, we have adopted in this State the so-called "before and after" formula. Under that rule, the compensation to which an owner is entitled, in a case such as this, is the difference between the market value of the parcel of land as a whole, immediately before and unaffected by the taking, and the market value of the remainder of the property which is not being taken, immediately after and as affected by the taking.

■ In this case, the taking of the property by the condemning authority has not yet actually occurred. Accordingly, you are to consider market values as of the present time, rather than as of any past time or any future time. The just compensation to which the owner is entitled is the fair market value of the property at this time in view of all of the uses and purposes for which the property is now available or adaptable. Your deliberations, therefore, should revolve about the present market

value of the whole property, before and unaffected by the taking, and the present market value of the remainder of the property, after and as affected by the taking.

In the law of eminent domain, the words "market value" are words of art, the formal definition of which has been attempted by many courts. Most simply stated, I think, market value is the price which would be agreed upon by a willing seller and a willing buyer under usual and ordinary circumstances, without any compulsion whatsoever upon the seller to sell or upon the buyer to buy. Market value means the fair value of the property as between one who wants to purchase and one who wants to sell. It is not what could be obtained for the property under peculiar circumstances, when a greater than fair price could be obtained. It is not a speculative value nor a value obtained from the necessities of either the buyer or the seller. Market value is simply what the property would bring at a fair sale when one party wants to sell and the other wants to buy.

In ascertaining market value, you may consider the value of the property in view of all of its available uses and purposes as of this time. You may consider also the best and most valuable use for which the property is reasonably adaptable to the full extent that the prospect of demand for such use may affect present market value. In other words, if the possibility or probability of the land being put to its highest and best use enhances the present market value of the property, then such enhancement may be taken into account in determining just compensation. The owner of property being taken under eminent domain is entitled to have considered, in a determination of just compensation, not only the general and naturally adapted uses of the property, but also any special value due to its adaptability for a particular or special use. In this connection, you may consider the adaptability and availability of the property for a certain purpose or use, notwithstanding the fact that the property has never been put to such purpose or use. However, no consideration should be given by you to any remote, imaginary or purely conjectural uses.

This brings us to one of the basic points of this case. The owner contends that a portion of the tract here involved is adaptable for commercial use. The owner contends that, although commercial usage is not permitted now under existing zoning regulations, nevertheless there is a reasonable probability of a rezoning in the near future so as to permit a commercial use. It is contended by the owner that, for this reason, the present market value of the property is enhanced in the minds of purchasers generally and that you should consider such enhanced value in measuring the just compensation to which the owner is entitled.

The School Board, on the other hand, contends that there is not a reasonable probability of a rezoning in the near future which would permit a commercial use of the property. The School Board contends, therefore, that the present market value of the property is not enhanced by such a probability in the minds of purchasers generally and that, for this reason, you should not consider any such enhanced value in measuring the just compensation to which the owner is entitled.

The general rule is that market value must ordinarily be determined by a consideration of the uses for which the land is adapted and for which it is available. There is this exception to the general rule, however: If the land is not presently available for a particular use by reason of a zoning ordinance, but if the evidence tends to show a reasonable probability of a change in the zoning ordinance in the near future, then the effect of such probability upon the minds of purchasers generally may be taken into consideration in arriving at present market value.

Accordingly, if you shall find from a preponderance of the evidence that the property in question is adaptable for commercial use, and if you shall further find from a preponderance of the evidence that the present market value of such property is enhanced in the minds of purchasers generally by a reasonable probability of rezoning in the near future to permit such commercial use, then you may take into consideration the effect of

such probability upon the present market value. On the other hand, if you shall not find that the property in question is adaptable to commercial use, or if you shall not find that there is a reasonable probability of rezoning in the near future to permit such commercial use, then, in arriving at present market value, you should not give consideration to the effect of such probability upon the minds of purchasers generally.

In determining market value of the property, you should not consider any value peculiarly personal to the owner, nor should you consider just compensation to be enhanced by any unwillingness on the part of the owner to dispose of his property at this particular time. Moreover, just compensation cannot be measured by the value of the land of the School Board or by its need for this particular property.

The burden of establishing market value in a proceeding of this kind is upon the owner of the property and not upon the condemning authority. In these proceedings, therefore, Vivien J., Incorporated, has the burden of establishing to your satisfaction the just compensation to which it is entitled.

You have viewed the premises. The purpose of that view was to enable you better to understand the evidence presented before you at this hearing and to enable you more intelligently to apply such evidence to the issue before you. The view is not evidence. You should consider the evidence before you in the light of your view of the premises but you must make your determination from the evidence alone.

Expert witnesses have been called by both sides for the purpose of establishing market value. Expert testimony is the evidence of persons who possess special skill or knowledge in some science, profession or business which is not common to the average man and which is possessed by the expert by reason of his special study or experience. The value of such testimony depends upon the qualifications and skill of the witness and varies with the circumstances of each case. You should take into consideration the expert's sources of information and the rea-

sons he assigns for the opinion he gives. You should give credence to his testimony as you may find his qualifications and his reasons may justify. Expert testimony is to be considered by you like any other testimony and is to be tried by the same tests. It should receive such weight and credit as you may deem it entitled to, viewed in connection with all of the other evidence in the case.

You are the sole and exclusive judges of the facts in this case, of the credibility of the witnesses, and of the weight and of the value of their testimony. If you find the testimony to be in conflict, it is your duty to reconcile it, if you reasonably can. If you cannot do this, then it becomes your duty to give credit to that portion of the testimony which, in your judgment, is most worthy of credit, and to disregard any portion of the testimony which, in your judgment, is unworthy of credit. In so doing, you should take into consideration the demeanor of the witnesses as they testified before you, their apparent fairness in giving their testimony, any bias or interest that they may have in the outcome of this proceeding, and their opportunities of knowing or learning the facts about which they have testified.

In the light of these principles and instructions, it is now your function to decide the amount of money that the Board of Education of Claymont Special School District must pay as just compensation to the owner of the property being taken by it in these condemnation proceedings.