0.089 OF AN ACRE OF LAND IN NEW CASTLE HUNDRED, NEW CASTLE COUNTY AND STATE OF DELAWARE, RAYMOND C. MARTIN and KATHRYN MARTIN, his wife, and UNKNOWN OWNERS, Defendants-Appellants, v. THE STATE OF DELAWARE, upon the Relation of J. GORDON SMITH, BENJAMIN ABLEMAN, THURMAN G. ADAMS, J. DRAPER BROWN, DALLAS D. CULVER, SAMUEL J. FOX, FRANK R. GRIER, EDWARD KELLY, WILLIAM P. RICHARD-

son, Hugh R. Sharp, Jr., Benjamin F. Shaw, II, and Robert D. Thompson, constituting the State Highway Department of the State of Delaware, Plaintiffs-Appellees.

*(October* 9, 1958.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Irving Morris* and *H. B. Rubenstein* (of the firm of Cohen and Morris) for appellants.

*Donald W. Booker* for appellees.

Supreme Court of the State of Delaware, No. 11, 1958.

BRAMHALL, J.:

The appeal in this case concerns the alleged inadequacy of an award by the Condemnation Commissioners in determining the value of certain land of appellants taken by the State under condemnation proceedings. Appellants contend that in refusing to divide the property into two separate parts for the purpose of ascertaining appellants' damage, the Condemnation Commissioners failed to consider the best and most available use to which appellants' property was reasonably adaptable.

Appellants, since 1936, have been the owners of a tract of land on New Castle Avenue, near the city of Wilmington, now composed of 2.52 acres. At the time of the taking of a part of this tract by the State the rear of the property was being used for motel units or apartments, leaving a 90-foot setback from New Castle Avenue. On July 30, 1956, through the institution of condemnation proceedings, the State took from that portion of appellants' land, bordering on New Castle Avenue, a 25-foot strip covering the whole width of the lot and containing 0.089 acres of land. No objection was made by appellants as to the propriety of the taking; the sole question was the amount of compensation to which appellants were entitled.

At the trial appellant Raymond C. Martin testified that prior to the taking appellants had intended to install trailer courts and hold the front of the lot for other commercial pur-

poses. A short time after the taking this was done. There is a driveway or entrance in the center of the lot leading from New Castle Avenue to the rear of the lot where the motels and trailers are located. After the installation of the trailer courts and after the taking of the 25-foot strip of land by the State, the vacant portion of the lot had a setback at one end of 64.35 feet and at the other end of 25.35 feet. Appellant Martin testified that appellants had not built upon this portion of the lot because appellants desired to use it for commercial purposes. Shortly before the taking by the State appellants had made an application before the Zoning Commission to change the lot from a residential to a commercial classification. This application was granted sometime after the State had taken the strip in question. Under the latter classification a minimum lot area is 10,000 feet with a setback requirement of 40 feet and rear yard depth of 20 feet.

To substantiate appellants' contention as to the loss sustained by appellants they offered the testimony of a real estate broker. He appraised the value of the property as a whole before the taking at $120,000 and the value after the taking at $99,280, or a loss to appellants in the sum of $20,720. The witness partially broke down the figure which he gave as to the value before the taking by saying that he appraised the front portion of the lot at $20,000, the rear portion at $15,000, and the improvements at $85,000.

In rebuttal the State offered the testimony of two experienced real estate brokers and appraisers. One testified that the land before the taking had a value of $34,000 and a value after the taking of $33,600, or a loss to appellants in the sum of $400. The other fixed the value before the taking at $35,600 and after the taking at $34,900, or a loss to appellants of $700. Both witnesses testified that the highest and best use of the property was for commercial purposes and that it was especially adaptable to its present use of maintaining and operating motel units. They stated that the property was never desirable as a gasoline station, as contended by appellants, first, because it was not a corner

property—usually required for gasoline stations—and, secondly, because the property did not have sufficient width for use as an interior gasoline station, even if there should have been a demand for such a site as a gasoline station. They also stated that any improvements which appellants might have erected on the front portions of the lot, such as a gasoline station, or other similar commercial purpose, would have affected adversely to a substantial degree the value of the motel units in the rear. These witnesses concluded by saying that the property as a whole had been greatly improved by the construction of the new road and by the installation of a sewer line, along with the road.

The Condemnation Commissioners returned an award in favor of the plaintiff in the sum of $1,000. A motion to set aside or modify the award was denied on the ground that there was a conflict of testimony as to the most profitable use which could be made of the property. Appellants appealed to this Court.

Appellants' objection to the award of the Condemnation Commissioners and the refusal of the Court to set it aside is based upon the grounds (1) that the Court failed to instruct the Commissioners to consider the best and most valuable use for which appellants' property was reasonably adaptable by considering the rear of appellants' lot (the portion on which the buildings are erected) and the undeveloped irregularly shaped strip in front of the buildings as two separate properties; and (2) that the Presiding Judge committed error in refusing to hold that the evidence in this case, which was in conflict, warranted him in substituting his own judgment for the judgment of the Commissioners.

Relative to appellants' first objection, it is not clear to us that appellants ever requested the Court to so charge the jury, nor is it clear that appellants took an exception to the failure of the Court to do so. The fact is that appellants were permitted by the Court to introduce evidence relating to the damage to the undeveloped portion of the lot as well as damage to the lot as

a whole. Appellants' expert testified at length as to the value of the property as a whole before and after the taking and also as to the respective values of the vacant portion of the lot, the portion thereof upon which improvements were erected and the value of the improvements. The testimony of the two experts called on behalf of the State in dispute of this testimony also covered the value of the lot as subdivided by appellants, However, since the State has made no point of this, we prefer to consider appellants' objection on its merits.

The rule in this state relative to awarding damages in condemnation proceedings is that the Condemnation Commissioners shall determine the fair market value of the whole property by ascertaining the difference between its fair market value before and after the taking. In making this determination they shall consider the value of the property for all available purposes, including its best and most valuable use. *State ex rel. State Highway Department v. Morris*, 8 *Terry* 477, 93 *A*. 2d 523. In the case of a partial taking compensation to which an owner is entitled is related to the damage to the property as a whole. *Board of Education v.* 13 *Acres of Land, etc.*, 11 *Terry* 387, 131 *A*. 2d 180.

Appellants' property consisted of a single lot having a frontage on New Castle Avenue of 154.5 feet and a depth of approximately 550 feet. By the use of an imaginary line appellants have attempted to separate the improved portion of the lot in the rear from the unimproved portion in the front, although there is a driveway or entrance in the center of said lot running from New Castle Avenue to the rear of the lot. The testimony offered on behalf of the State was to the effect that the lot was more valuable as a whole and for the purpose for which it was being used, namely: for motels and apartments. Apparently the jury accepted this evidence.

We think that the verdict was correct. Compensation will not be allowed appellants in excess of their actual loss on the basis of an imaginary, unnatural or theoretical subdivision

of their property when it is not, in fact, subdivided or on the false basis of the ownership of only a portion of the lot when, in fact, the lot in question constitutes only a part of a much larger lot. *In re Fourth Avenue,* 221 *App. Div.* 458, 223 *N. Y. S.* 525, 527; *City of Grand Rapids v. Barth,* 248 *Mich.* 13, 226 *N. W.* 690, 64 *A. L. R.* 1507.

We think that the refusal of the Presiding Judge to charge the jury to consider only the front portion of the lot in assessing appellants' damages was entirely proper.

We cannot accept appellants' contention that the Presiding Judge committed error in refusing to hold that the evidence in this case warranted him in substituting his own judgment for the judgment of the Commissioners. We agree with appellants' contention that a court may not refuse to set aside an award, even in the case of a conflict of the testimony, where the award of the Condemnation Commissioners is clearly erroneous. Undoubtedly it is the responsibility of the Presiding Judge in condemnation cases to weigh the evidence presented and if he should find that the award of the Commissioners was clearly erroneous, it is his duty to set aside the award or modify it, as in his opinion the evidence may warrant. The statute so provides. 10 *Del. C.* 1953, § 6108(g). See *United States v. Twin City Power Company,* 4 *Cir.,* 248 *F.* 2d 108; *Pruner v. State Highway Commissioner,* 173 *Va.* 307, 4 *S. E.* 2d 393.

But the conflict of testimony in this case does not warrant any such action on the part of the Presiding Judge. The State's contention as to the value of the property of appellants, both as a whole and as to the portion of appellants' lot not covered by buildings, was fully supported by the testimony of two experienced real estate appraisers, familiar with the value of properties in the vicinity of the property in question. Appellants' contention was supported by the testimony of a real estate broker whose experience both as a broker and a real estate appraiser was extremely limited. Under such circumstances we cannot say that the Presiding Judge was in error in failing to

find that the award of the Condemnation Commissioners should have been set aside. In our opinion the award of the Condemnation Commissioners rests not only on substantial facts but upon facts supported by the weight of the evidence.

The judgment will be affirmed.