**CITY OF MILFORD, a municipal corporation of the State of Delaware, Plaintiff,**

v.

**.2703 ACRES OF LAND, MORE OR LESS IN the CITY OF MILFORD, KENT COUNTY, Delaware, J. Lewis Wright, Helen S. Wright and Joseph L. Wright, Owners, Defendants.**

Superior Court of Delaware.

Kent.

July 24, 1969.

Jackson W. Raysor, of Tunnell & Raysor, Georgetown, for plaintiff.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for defendants.

OPINION

STOREY, Judge.

This is the decision on motion of plaintiff to vacate, modify or conform the award to the evidence and the law for the reasons recited in the motion.

J. Lewis Wright and Helen S. Wright, husband and wife, are tenants by the entirety of a tract of land. A small parcel of this tract of land is held by J. Lewis Wright and Helen S. Wright as tenants in common, along with their son, Joseph L. Wright. The City has taken condemnation action on a parcel of the entire tract of land. The condemned parcel includes all of the parcel held by J. Lewis Wright and Helen S. Wright and Joseph L. Wright,* and a portion of that part of the tract held by J. Lewis Wright and Helen S. Wright alone.

The issue under consideration is whether the value of the entire tract of land may be used in computing the amount of compensation to the parties for the taking.

Although Delaware follows the "before and after" formula, State ex rel.

---

* The parcel taken in its entirety was previously held by Wright's Pontiac, Inc. (now defunct). Title is now held by the three stockholders of the defunct corporation, J. Lewis Wright, Helen S. Wright and Joseph L. Wright as tenants in common.

State Highway Department v. Morris, 93 A.2d 523 (Del.Super.1952), generally speaking, in order to consider the value of an entire tract of land for purposes of determining damages for condemnation of only a portion of that tract, there must be unity of ownership between the part taken and the remaining part. See 27 Am.Jur.2d 143, Eminent Domain, Sec. 320; 95 A.L.R.2d 887, 890, and cases cited therein. Where a tract of land taken by condemnation is held by two persons as cotenants or tenants by the entirety, and the adjoining tract is owned by only one of the two owners of the condemned tract, it has been held that the unity of ownership necessary to consider the value of the entire tract for purposes of ascertaining the value of the condemned tract, did not exist. Duggan v. State, 214 Iowa 230, 242 N.W. 98 (1932); State Through Department of Highways v. Rachl, 136 So.2d 105 (La.App.1961); Tillman v. Lewisburg & N. R. Co., 133 Tenn. 554, 182 S.W. 597 (1916). There are, however, cases holding that a condemnee need not have the same quantity or quality of "interest or estate" in all parcels claimed as a single unit, in order to satisfy the unity of ownership test. Barnes v. North Carolina State Highway Commission, 250 N.C. 378, 109 S.E.2d 219, 225 (1959). See also United States v. 339.77 Acres of Land, 240 F.Supp. 545 (D.C.Ark.1965). As stated in *Barnes, supra,* 109 S.E.2d at 224–225:

> "There is no single rule or principle established for determining the unity of lands for the purpose of awarding damages or offsetting benefits in eminent domain cases. The factors most generally emphasized are unity of ownership, physical unity and unity of use. Under certain circumstances the presence of all these unities is not essential. The respective importance of these factors depends upon the factual situations in individual cases. Usually unity of use is given greatest emphasis."

> "The parcels claimed as a single tract must be owned by the same party or parties. It is not a requisite for unity of ownership that a party have the same quantity or quality of interest or estate in all parts of the tract. But where there are tenants in common, one or more of the tenants must own some interest and estate in the entire tract."

Following the test as espoused by the Supreme Court of North Carolina and assuming a unity of use to exist with respect to the entire tract of land in the instant case, consideration of the value of the entire tract of land would be entirely proper.

For the foregoing reasons, the motion of the plaintiff is denied.

It is so ordered.