**UNITED STATES of America, Appellee,**

v.

**75.13 ACRES OF LAND, More or Less, Situate in POLK COUNTY, STATE OF IOWA, Robert L. Rice; Audrey Rice;**

**Brenton Bank and Trust Company; Des Moines Central Iowa Railway Co.;**

**Campgrounds USA, Inc.; Dennis King, Appellants.**

**City of Des Moines; Polk County and State of Iowa.**

**UNITED STATES of America,**

v.

**3.58 ACRES OF LAND, More or Less, Situate in POLK COUNTY, STATE OF IOWA and Robert L. Rice; Des Moines and Central Iowa Railway Company; State of Iowa; Polk County, Iowa, Tract Nos. 1926 and 1954.**

**UNITED STATES of America, Appellee,**

v.

**75.13 ACRES OF LAND, More or Less, Situate in POLK COUNTY, STATE OF IOWA, Robert L. Rice, Appellant.**

**Audrey Rice; Brenton Bank & Trust Company; Des Moines Central Iowa Railway; Campgrounds USA, Inc.; Dennis King; City of Des Moines; Polk County and State of Iowa.**

**UNITED STATES of America, Appellee,**

v.

**3.58 ACRES OF LAND, More or Less, Situate in POLK COUNTY, STATE OF IOWA;**

**Robert L. Rice, Appellant.**

**Des Moines and Central Iowa Railway Company; State of Iowa; Polk County, Iowa.**

**Tract Nos. 1926 and 1954.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1982.

Decided Dec. 2, 1982.

Carol E. Dinkins, Asst. Atty. Gen., Washington, D.C., Richard C. Turner, U.S. Atty., Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, Dirk D. Snel, Laura Frossard, Attys., Dept. of Justice, Washington, D.C., for appellee.

William Wheatcraft, West Des Moines, for appellants.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Robert Rice and Dennis King appeal from the district court's[1] judgment awarding them $65,000 and $37,000 respectively for property taken by the United States in 1978.[2] The court based its awards upon the recommendations of the condemnation commission it established pursuant to Fed.R. Civ.P. 71A(h) to determine just compensation for land the government condemned for the Army's Saylorville Lake flood control project near Des Moines, Iowa. We affirm.

■ Rice and King (hereafter the landowners) challenge the district court's judgment and seek a new trial on several grounds. They initially raise a series of objections relating to the district court's instructions to the condemnation commission. The landowners first contend that the district court's Instruction 6[3] was erroneous because it gave undue emphasis to evidence of comparable sales and failed to direct the jury that "the determination of value is not limited to that [comparable sales] method." We disagree.

The instruction, read as a whole, does not direct the commission to consider only evidence of comparable sales; it instructs the commission to determine "the weight * * * such evidence is entitled to receive." Moreover, this Court has in fact stated that "[s]ales of comparable land in the area most accurately evidence fair market value." *United States v. 3698.63 Acres of Land in Burleigh, Emmons, and Morton Counties, North Dakota,* 416 F.2d 65, 67 (8th Cir. 1969).

■ The landowners also claim that Instruction 6 was flawed because it did not define "comparable or similar land" with an objective standard. They failed to raise this objection below, however. Accordingly, they cannot raise it for the first time on appeal. *See, e.g., Lewis v. United States*

---

1. The Honorable William Stuart, United States District Judge for the Southern District of Iowa.

2. This case involves three parcels of property. The government condemned a thirty-acre portion of Tract 1926 owned by King, the remaining forty-five acres of Tract 1926 owned by Rice, and 3.58 acres of Tract 1954 also owned by Rice. The actions were consolidated both in the court below and on appeal.

3. Instruction 6 stated in part:

You may also consider evidence relating to any recent sales of comparable or similar lands in that locality or area, as shown by the evidence. Where they are available, evidence of sales of comparable or similar lands is considered the best evidence of the value of the tract to which they are compared. The determination of the weight you believe such evidence is entitled to receive, however, is a determination for the commission to make in each instance.

*Marine Corps.,* 674 F.2d 714, 717 (8th Cir. 1982). In any event, Fed.R.Evid. 701–705 permit qualified experts, which the government appraisers here undisputedly were, to testify that in their judgment certain other sales were comparable to the property in question.

■ The landowners next contend that the district court erred in failing to permit them to add the following to Instruction 6:

The highest and most profitable use for which the property is adaptable and needed in the reasonably near future is to be considered, not necessarily as the measure of value, but to the full extent that the prospect of demand for such use effects [sic] the market value which the property is privately held.[4]

There is no merit to this claim. Although the landowners' proposed instruction may have been more complete, the district court's actual instruction adequately covered their legal theory by directing the jury:

In estimating the value of the tracts herein involved, you are entitled to consider the condition of the properties and their use at the time of the taking, all the capabilities of the properties and all the uses to which they were or *reasonably may be devoted.* [Emphasis added.]

Moreover, the condemnation commission in fact considered the highest and best use for which the landowners' properties reasonably could be utilized. In its report, the commission summarized the landowners' evidence and made specific factual findings concerning the "highest and best use" for each of the three tracts of land involved here.

The landowners also argue the district court erred in refusing to instruct the commission that it could capitalize future business profits to arrive at fair market value. The court below rejected the landowners' request, and instructed the commission that "future business profits based on past experience may not be capitalized and thereby arrive at a fair market value."

■ Capitalization of future income is an appropriate method of valuation in some cases, but it should not be used when the extent of the future use or demand for it is speculative. *See United States v. 341.45 Acres in St. Louis County, Minnesota,* 633 F.2d 108, 111 (8th Cir.1980), *cert. denied,* 451 U.S. 938, 101 S.Ct. 2017, 68 L.Ed.2d 324 (1981); *Mills v. United States,* 363 F.2d 78, 81 (8th Cir.1966). Mere physical adaptability to a given use is not enough to invoke the capitalization method; the landowner must show that an income producing market existed at the date of the taking or will exist in the reasonably near future. *Id.*

■ Here, the landowners had not yet developed the proposed uses for their properties at the time of the takings. The landowners failed to establish with sufficient certainty what would be the demand for their proposed uses and what income would be generated. Accordingly, the district court did not err in refusing to give the landowners' proposed capitalization instruction.

■ In their final challenge to the district court's instructions, the landowners contend, in a cursory fashion, that the court erred by permitting the government ap-

4. King introduced evidence—including testimony by an engineering consultant and a preliminary development plan prepared by the Des Moines city planner—that the highest and best use of his property was for a developed campground. Rice introduced evidence—including the testimony of the same engineering consultant and an official of the Iowa Department of Environmental Quality—that the highest and best use of his land was for a landfill followed by industrial use.

One government appraisal witness testified that the highest and best uses of the properties of King and Rice were, respectively, as a primitive campground and a landfill followed by industrial use. The other government appraisal witness testified that the highest and best use of King's land and Rice's part of Tract 1926 was for a recreational park. He said the highest and best use of the remainder of Rice's property was for an "assemblage with adjacent property."

King and Rice valued their land at $298,200 and $544,365, respectively. The government witnesses, using the comparable sales method, valued the landowners' properties as follows:

| | | | | |
|---|---|---|---|---|
| Witness Potts | — | a) | King | $37,020 |
| | | b) | Rice | $64,905 |
| Witness Frahm | — | a) | King | $33,000 |
| | | b) | Rice | $54,600 |

praisers to testify concerning sales subsequent to the date the properties of King and Rice were condemned, by giving the same instructions to the condemnation commission in this case as in all of the other Saylorville Lake project cases without regard to the particular circumstances present here, and by giving irrelevant and repetitious instructions to the commission. After carefully reviewing the record and briefs, we find no merit in any of these arguments.

In addition to their instruction challenges, the landowners claim that the district court erred in approving the condemnation commission's report because its valuation of the three tracts ($102,000 combined) was less than the amount deposited by the United States ($118,400) when the government filed the complaints in condemnation and declarations of taking. There is no merit to this claim.

■ The Taking Act, 40 U.S.C. § 258a, requires the United States to deposit with the court a "sum of money estimated * * * to be just compensation for the land taken." It is settled, however, that this "estimated compensation" is not evidence of the value of the property taken. *Evans v. United States*, 326 F.2d 827, 830 (8th Cir.1964). Moreover, the Supreme Court has plainly stated that the estimate deposited by the government does not establish a minimum award to which landowners are entitled. *United States v. Miller*, 317 U.S. 369, 381–382, 63 S.Ct. 276, 283–284, 87 L.Ed. 336 (1943). Thus, the fact that the district court's compensatory award was less than the "estimated compensation" deposited by the United States does not establish that the district court erred in determining just compensation for the takings.

■ The landowners also claim that the composition of the compensation commission was unfair in two respects. First, they complain that the same three people served on the commission which heard all the condemnation cases involving the Saylorville Lake project. There is no merit to this claim. The purpose of appointing a commission under Fed.R.Civ.P. 71A(h) is to promote uniformity in compensation by enabling one group of people to establish valuations for all tracts taken in one project. 7 Moore, Federal Practice ¶ 71A.06[2] at 171–174 (2d ed. 1982). Moreover, the landowners have not shown that the commissioners were biased against them or failed to consider their cases on the basis of their individual facts.

■ Secondly, the landowners contend the commission was improper because it consisted of lawyers rather than non-lawyers. Once again, we cannot agree. The landowners cite no authority for their suggestion that condemnation commissions cannot include attorneys. Indeed, it is common practice for lawyers to be appointed to such commissions. *See United States v. 403.14 Acres in St. Clair County, Mo.*, 553 F.2d 565 (8th Cir.1977) (Court did not question presence of lawyer on condemnation commission).

For the foregoing reasons, the judgment of the district court is affirmed.