STATE of Delaware, Upon the Relation of the COMMISSIONER of the DEPARTMENT of CORRECTION, Plaintiff,

v.

John S. RITTENHOUSE, John A. Brown, Thomas Brittingham, t/a Ludlow Industrial Park Partnership, a Delaware General Partnership, Continental Bank, 0.851 Acres of Land More or Less, Situate in the City of Wilmington, New Castle, State of Delaware and Unknown Owners, Defendants.

Superior Court of Delaware,
New Castle County.

Submitted: March 6, 1992.
Decided: March 10, 1992.

Aubrey B. Lank, and Richard L. Abbott (argued), of Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, for plaintiff.

Jeffrey C. Wisler (argued), and Douglas M. Hershman, of Williams, Gordon & Martin, P.A., Wilmington, for defendants Rittenhouse and Brittingham.

## OPINION

BARRON, Judge.

In this condemnation case, brought under 10 *Del.C.*, ch. 61, the State, upon the relation of the Commissioner of the Department of Correction (State), has filed a Motion In Limine and memoranda in support of its Motion for an Order that its condemnation action constitutes a "total taking." The State seeks a ruling that defendants may not offer evidence at trial on a "partial taking" theory, including damages to a parcel of land located across the street from the parcel being taken. Subsequently and in timely fashion, defendants John S. Rittenhouse and Thomas Brittingham, t/a Ludlow Industrial Park Partnership (defendants), filed their opposition to the State's motion and cross-motioned in limine for an Order declaring that the condemnation be considered a "partial taking" and that the trial on just compensation be conducted accordingly.

The State initiated condemnation proceedings on November 30, 1990. Defendants [1] answer, filed on December 26, 1990, requested a hearing to determine the amount of just compensation due for the "partial taking" of their property. The State acquired possession of the property by Order of Possession dated December 28, 1990. Trial on the question of just compensation is set for March 19, 1992.

The property taken is located in Wilmington on the same side of Twelfth Street as Gander Hill Prison between Bowers Street and I–495. The State considers such property necessary to allow for the prison's expansion. The present matter concerns the relationship between the .857 acre par-

**1.** The action was dismissed as to former defendant John A. Brown by stipulation filed on July 26, 1991.

cel taken (subject parcel) and an approximately 14.56 acre parcel (developed parcel) located directly across the street from the subject parcel.

Defendant Ludlow Industrial Park Partnership, of which defendants Rittenhouse and Brittingham are the sole general partners, manages and operates industrial park rental properties. Ludlow purchased the two parcels in question together under the same agreement of sale in 1988.[2] At the time of purchase, both parcels were included within the Brandywine Industrial Complex owned by the Wilmington Economic Development Corporation (WEDCO). The agreement of sale between defendants and WEDCO was made contingent upon the inclusion of the subject parcel, necessitating the partitioning of what defendants have dubbed WEDCO's "parking parcel"— an approximately 6.86 acre parcel located directly across from the developed parcel. The developed parcel is used for storage and warehouse purposes. Two buildings are located thereon, comprising approximately 350,000 square feet of rental space and including 20,000 square feet of office space. The use of the subject parcel is in dispute.

The State first argues that no Delaware court has recognized a "partial taking" when one of two noncontiguous parcels of land is condemned. Noting that the two parcels in this case are separated by State-owned Twelfth Street, the State contends its action can only constitute a "total taking" of the subject parcel. Alternatively, the State submits that even should the Court employ the "unity of lands" doctrine, application of that doctrine shows that the condemnation was in fact a total taking. The State argues and states by affidavit that the subject parcel is an unimproved, vacant lot which, at most, has been used for the limited, intermittent parking of (a few vehicles of) one of defendant's tenants. Lacking unity of use or a common border between the two parcels, the State argues, defendants are not entitled to offer evidence at trial on a "partial taking" theory.

Defendants argue that under Delaware law, two or more separate parcels may be recognized as a single tract for purposes of partial taking treatment. Defendants claim that while the parcels referenced are noncontiguous, application of the unity of lands test as applied by this Court in *City of Milford v. .2703 Acres of Land, More or Less,* Del.Super., 256 A.2d 759 (1969) and by the courts of several other jurisdictions requires that this case be treated as a "partial taking." Defendants claim that the subject parcel has always been and continues to be used to provide necessary parking for the occupants of the buildings situated on the developed parcel. Defendants contend specifically and state by affidavit that at least one Ludlow tenant, Roller Services, Inc., continued to use the subject parcel for parking and storage at the time of and subsequent to the taking. Defendants thus argue that the State's action constitutes a "partial taking" by virtue of the common ownership and use of the two parcels as a whole, and that the State should be required to compensate Ludlow accordingly.

### I.

The first question presented is whether Delaware law of eminent domain allows for the recognition of a "partial taking" for the purpose of determining just compensation when one of two or more noncontiguous parcels of land is condemned. The issue is one of first impression. For the reasons stated below, the Court has determined that Delaware law recognizes a "partial taking" of a noncontiguous parcel upon a finding of "unity of lands."

Delaware Constitution Article I, Sec. 8 provides that no property shall be taken or applied to public use without compensation. In keeping with the Fifth and Fourteenth Amendments of the Federal Constitution, that clause requires "just compensation" as defined by the fair market value of the property. *See State v. Davis Concrete of Del., Inc.,* Del.Supr., 355 A.2d 883, 886 (1976); *0.744 Of An Acre Of Land v. State Ex Rel. State Highway*

---

**2.** Defendants acquired title to both parcels by deed dated June 28, 1988.

*Dep't,* Del.Supr., 251 A.2d 341, 342 (1969). It is well-settled law that in the case of a partial taking,[3] "compensation to which an owner is entitled is related to the damage to the property as a whole." *0.089 of an Acre of Land v. State,* Del.Supr., 51 Del. 315, 145 A.2d 76, 79 (1958), citing *Board of Education v. 13 Acres of Land, etc.,* Super.Ct., 50 Del. 387, 131 A.2d 180 (1957); *and see* 4A Nichols on Emminent Domain, Sec. 14.01[2], at 14–33 (rev. 3d ed. 1990) (where part of tract physically appropriated entire tract is considered as a whole and the effect of the condemnation and projected use evaluated to determine what owner had prior to the proceeding and what remained thereafter). In Delaware, compensation for a partial taking "is the difference in value of the whole before the taking and the value of the remainder after the taking." *1.67 Acres of Land, etc. v. State,* Del.Supr., 225 A.2d 763, 765 (1967), citing *0.089 of An Acre of Land, supra; and see State ex rel. State Highway Dep't v. Morris,* Del.Super., 93 A.2d 523, 523 (1952). Stated differently, the owner must be compensated not only for the value of the land taken, but for diminution in value of remaining property that may result from the taking (severance damage). *Board of Education, etc., supra,* at 182. Delaware therefore follows the "before and after" formula in partial-taking cases. *Id.*

In *City of Milford v. .2703 Acres of Land, etc.,* Del.Super., 256 A.2d 759, the Court addressed the issue whether to consider the value of an entire tract of land in computing just compensation for the taking of a parcel of that tract when complete unity of ownership was lacking with regard to a parcel included within the parcel tak-

en.[4] The Court looked to the "unity of lands" doctrine:

"There is no single rule or principle established for determining the unity of lands for the purpose of awarding damages or offsetting benefits in eminent domain cases. The factors most generally emphasized are unity of ownership, physical unity and unity of use. Under certain circumstances the presence of all these unities is not essential. The respective importance of these factors depends upon the factual situations in individual cases. *Usually unity of use is given greatest emphasis."*

*Id.* at 760, quoting *Barnes v. North Carolina State Highway Comm'n,* 250 N.C. 378, 109 S.E.2d 219, 224–25 (1959) (emphasis added).

The Court in *City of Milford* held it proper to consider the value of the entire tract in determining just compensation after noting the landowners' ownership interest in the parcels and assuming a unity of use with regard to the entire tract. *City of Milford, supra,* 256 A.2d at 760.

Although the parcels in the matter at bar are separated by a highway, the language quoted, *supra,* makes it clear that physical unity is not essential to a determination of unity of lands.[5] Unity of use is emphasized by the courts of several jurisdictions when utilizing the doctrine or the guidelines contained therein. *See Sandin v. Commonwealth of Pa. Dep't of Transp.,* Pa.Cmwlth., 555 A.2d 966, 967–68 (1989) (assessment of non-contiguous tracts as one under Pennsylvania statute requires showing of unified use and common ownership by one owner); *Warwick Musical Theater, Inc. v. State,* R.I.Supr., 525 A.2d 905,

**3.** Partial takings are recognized in Delaware by statute. In pertinent part, 29 Del.C.Sec. 9505(3) provides that "[w]here appropriate, the just compensation for the real property acquired and for damages to remaining real property shall be separately stated." *See also,* 29 Del. C.Sec. 9505(9).

**4.** Two of the owners held the tract of land as tenants by the entirety. A parcel included within the tract and condemned along with a parcel of the tract was held by the same owners together with another owner as tenants in common.

**5.** In the course of charging the Commissioners in *Board of Education, supra,* the Court defined a partial-taking case as one wherein "only a part of a parcel of land is being taken ... and the remainder of the parcel is being left in the owner's hands." 131 A.2d at 182. That case, however, did not involve facts giving rise to a unity of lands issue. The statement was not intended to and does not stand for the proposition that a partial taking can occur only when a part of one distinct parcel of land is taken. In any case, that case was decided several years before the Court's recognition of the unity of lands test in *City of Milford, supra.*

911 (1987) (unitary-use concept appropriate to support determination of value of parcel taken and allowance of severance damages to remaining parcel); *Andrews v. City of Greenbelt,* 293 Md. 69, 441 A.2d 1064, 1070 (1982) (element of unity of use considered by many courts the most important of the three guidelines). The New Jersey Supreme Court has provided a clear statement of the rationale for not considering determinative the mere fact that the condemned parcel is physically separated from the remaining parcel:

> The fact that the condemned parcel and the remaining property do not have a common boundary should not prevent the landowner from offering evidence concerning severance damages. If prior to the taking, the two parcels were functionally united, then it is quite possible that the landowner sustained a decrease in the utility, and hence the value, of the remaining parcel when the condemned property was taken. For this reason, functional unity and not spatial unity is the relevant consideration.

*Housing Auth. of Newark v. Norfolk Realty,* N.J.Supr., 71 N.J. 314, 364 A.2d 1052, 1056 (1976), citing *Baetjer v. United States,* 143 F.2d 391 (1st Cir.1944), *cert. den.,* 323 U.S. 772, 65 S.Ct. 131, 89 L.Ed. 618 (1944).

Even more directly pertinent to the instant case, the Vermont Supreme Court has indicated that:

> [T]he fact that [the] land which was taken happens to be directly across the road from where the plaintiffs have their place of business is of itself of no importance. It is only when the land taken is used in connection with the business carried on across the road that the taking acquires significance. If the condemned land had been used, for example, for overflow parking, then business loss would be a proper matter for the jury to consider in arriving at the amount of compensation which the plaintiffs would be entitled to receive.

*Spear v. State Highway Bd.,* 122 Vt. 406, 175 A.2d 511, 513 (1961).

 This Court therefore finds that, where property taken is physically separate from another parcel allegedly damaged as a result of such taking, severance damages for a "partial taking" are permitted provided there is "functional unity" between the parcels. Such unity of use exists where the properties are so inseparably connected in their uses that the taking of one will permanently damage the other. *Sandin, supra* 555 A.2d at 967; *and see Warwick Musical Theatre, supra,* 525 A.2d at 911; *Andrews, supra,* 441 A.2d at 1070; *Norfolk Realty, supra,* at 1056. The landowner bears the burden of showing functional unity. *See Norfolk Realty, supra,* at 1056. Furthermore, while unity of ownership is not at issue in the instant case, the Court notes that recovery of severance damages for such a partial taking is also dependent upon a unity of ownership among all physically separate parcels.[6]

### II.

The question next presented is whether the Court or the Commissioners should determine whether a partial taking or total taking has taken place. As noted, *supra,* the parties dispute whether the subject parcel has been and continues to be used for parking by tenants of the buildings located on the developed parcel.

 The sole issue in determining the "just compensation" to which an owner is entitled is the fair market value of the real property taken. *Davis Concrete of Del., Inc., supra,* 355 A.2d at 886. The Commissioners, however, remain "the sole and exclusive judges of the facts, of the credibility of the witnesses and of the weight and value of their testimony." *Wilmington Housing Authority v. Harris,* Del.Super., 47 Del. 469, 93 A.2d 518, 522 (1952). Clearly, whether the subject lot was used for parking for the developed parcel is directly relevant to whether there was unity of use between the parcels and, thus, to whether a partial taking has taken place. These facts

---

**6.** Delaware does not require the same quantity or quality of interest or estate in all parts of the tract to establish unity of ownership. *See City of Milford, supra,* 256 A.2d at 760.

being in dispute, the question of use is for the Commissioners to decide. *Id.; and see 14.098 Acres of Land, etc. v. Board of Education of the Claymont Special School District,* Del.Supr., 265 A.2d 36, 38 (1970) (direct conflict in evidence as to whether rezoning was reasonably probable rendered matter one for the Commission to decide).

### III

Based upon the foregoing, the State's Motion in Limine is denied. Likewise, the defendants' Cross–Motion in Limine is Denied.

There being a factual issue in dispute which directly impacts on whether the taking in question was total or partial, each party may present evidence supportive of its theory. The Commissioners will be instructed that, based upon a preponderance of the evidence, they must find one or the other and compensate the defendants accordingly.

It Is So ORDERED.